IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL A. WALLERY, | : | CIVIL NO. 3:CV-13-0002 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| PRISON HEALTH SERVICES, *et al.*, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

On January 2, 2013, Russell A. Wallery ("Wallery"), an inmate incarcerated at the State Correctional Institution at Houtzdale, filed this civil rights action naming as defendants Prison Health Services, Dr. Zimmerman, Dr. Paul Noel, Dr. Theodore Voorstad, Theresa Law, and Dr. Gandy. (Doc. 1.) He seeks to proceed in forma pauperis. (Docs. 2, 6). Obligatory preliminary screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I. **Standards of Review**

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion, which provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the

complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. See Iqbal, 556 U.S. at 678; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This then

2

"allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 556 U.S. at 678]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id. at 679] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234–35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' "Iqbal, [556 U.S. at 679]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210–211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

II. **Allegations of the Complaint**

Plaintiff alleges that beginning on January 3, 2011, while incarcerated at the State

Correctional Institution at Camp Hill, defendants violated his "8th and 14th Amendments by subjecting [him] to cruel and unusual punishment and medical negligence, under color of state law." (Doc. 1, at 2, ¶¶ C(1)-(6).) He seeks compensatory and punitive damages against all defendants in their official and individual capacities. (Id. at 3.)

III. **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Wallery provides no supporting factual averments for his claims that defendants violated his constitutional rights. The mere "naked assertion" that his Eighth and Fourteenth Amendment rights were violated is insufficient. Twombly, 550 U.S. at 555, 557. Therefore, as pled, Wallery has not alleged sufficient facts to proceed past *sua*

*sponte* screening, and his complaint must be dismissed for failure to state a claim upon which relief may be granted. However, because it is conceivable that he could amend his complaint to overcome the deficiencies noted herein, he will be afforded the opportunity to amend.

IV. **Conclusion**

For the reasons set forth above, it is clear that the complaint fails to state a claim. Consequently, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). However, Wallery will be afforded the opportunity to amend to set forth factual allegations in support of his claims.

An appropriate order follows.

                                          **BY THE COURT:**

                                          **s/James M. Munley**
                                          **JUDGE JAMES M. MUNLEY**
                                          **United States District Court**

Dated:      February 12, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL A. WALLERY, | : | CIVIL NO. 3:CV-13-0002 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| PRISON HEALTH SERVICES, et al., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

AND NOW, to wit, this 12th day of February 2013, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Plaintiff's applications to proceed in forma pauperis (Docs. 2, 7) are construed as motions to proceed without full prepayment of fees and costs and are GRANTED.

2. Plaintiff's complaint is hereby DISMISSED without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to CLOSE this case.

4. If plaintiff can correct the deficiencies of his complaint by including factual allegations in support of his claims, he may FILE a motion to reopen this matter on or before March 1, 2013. Said motion shall be accompanied by a proposed amended complaint.

5. Any proposed amended complaint shall contain the same case number that is already assigned to this action (3:13-CV-0002) and shall be direct, concise, and shall stand alone without reference to any other document filed in this matter. See FED. R. CIV. P. 8(e).

6. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).[1]

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

---

[1] The Court notes that " '[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' . . . The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257–58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted). In the matter *sub judice*, if plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen his case accompanied by a proposed amended complaint.