IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL A. WALLERY, | : | CIVIL NO. 3:CV-13-0002 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| PRISON HEALTH SERVICES, *et al.*, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

On January 2, 2013, Russell A. Wallery ("Wallery"), an inmate incarcerated at the State Correctional Institution at Camp Hill at all times material, commenced this civil rights action pursuant to 42 U.S.C. § 1983. Although the complaint was dismissed on preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), he was afforded the opportunity to amend the complaint. (Doc. 9.) On March 21, 2013, Wallery filed an amended complaint naming as defendants Prison Health Services ("PHS"), Dr. Zimmerman ("Zimmerman"), Dr. Paul Noel ("Noel"), Dr. Theodore Voorstad ("Voorstad"), Dr. Teressa Law ("Law"), and Dr. Gandy ("Gandy"). (Doc. 1.) Presently pending is a motion to dismiss filed on behalf defendants PHS, Noel, Vorstad, and Gandy. (Doc. 23.) For the reasons set forth below, the motion will be granted but Wallery will be afforded a final opportunity to amend his complaint with respect to the Eighth Amendment claim.

I.  **Standards of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of

complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the

court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

## II. Allegations of Amended Complaint

Wallery alleges that during his confinement at SCI-Camp Hill, defendants PHS, and PHS employees Zimmerman, Noel, Voorstad, Law and Gandy, subjected him to unconstitutional conditions resulting in a litany of harms such as failure to maintain adequate medical records, failure to appropriately diagnose and maintain his medical condition, "repeated exacerbations of plaintiff's known chronic illnesses," excessive pain and suffering, and physical injuries. (Doc. 12, ¶ 22-23.) He states that "[t]hroughout the periode [sic] of 1-3-11 all the way through 5th month of 2011 plaintiff was left with a infected fooot [sic] because of a lack of medical neglect by (PHS) as well as the staff who

are currently employed by (PHS). Despite all of the requestes [sic] and other paper work that was submitted plaintiff could not get proper medical treatment for his well infected foot which left plaintiff to get and substain [sic] life long injuries." (Id. at ¶ 24.) He further alleges that "as a result of the practices, polocies [sic] acts and omissions of defendants alleged herein, plaintiff has been denied his right to be gaurunteed [sic] to him by the Eighth and Fourteenth Amendments to the Constitution of the United States and has suffered the harms and damages alleged in plaintiff's complaint." (Id. at ¶¶ 26, 29-30, 35-36, 38-39, 44-45.)

### III. Discussion

Defendants seek to dismiss plaintiff's amended complaint because it fails to set forth a plausible claim for relief. (Doc. 24, at 3.) Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and

must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Significantly, allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208.

Wallery is attempting to advance an Eighth Amendment claim of deliberate indifference to his serious medical needs. To demonstrate a *prima facie* case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, plaintiff must establish that defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). There are two components to this standard. First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. The deprivation sustained is required to

be sufficiently serious because only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. See Hudson v. McMillian, 503 U.S. 1, 9 (1992). Additionally, the plaintiff must make a "subjective" showing that the prison official's actions were "deliberately indifferent." See Wilson v. Seiter, 501 U.S. 294, 303 (1991.) To establish deliberate indifference, an inmate must show that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." See Farmer v. Brennan, 511, U.S. 825, 847 (1994).

The facts alleged in the amended complaint do not demonstrate that Wallery has a "plausible claim for relief" based on the Eighth Amendment. Iqbal, 556 U.S. at 678. A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234–35. Wallery fails to set forth a single factual averment that shows the involvement of any of the named defendants in unconstitutional conduct such that he is entitled to relief. Iqbal, 556 U.S. at 679. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, [556 U.S. at 679]. The mere "naked assertion" that his Eighth Amendment rights were violated because he received inadequate medical treatment for his foot is insufficient. Twombly, 550 U.S. at 555, 557. However, the scant amount of facts in Wallery's opposition brief (Doc. 31) demonstrate that it is conceivable that he could amend his amended complaint to overcome the deficiencies noted herein, at least with respect to some of the defendants.

He will therefore be afforded one final opportunity to amend his complaint with respect to the Eighth Amendment claim. Conversely, it is not conceivable that plaintiff can plead a plausible Fourteenth Amendment claim. This claim will be dismissed without leave to amend.

## IV.  Conclusion

For the reasons set forth above, defendants' motion to dismiss the amended complaint will be granted with prejudice as to the Fourteenth Amendment claim and without prejudice as to the Eighth Amendment claim. An appropriate order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated:      February 28, 2014